NO. 07-04-0044-CR



IN THE COURT OF APPEALS


 

FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JULY 25, 2005



______________________________




ANDREW PAUL JIMENEZ, JR., AKA FRANCISCO CASTILLO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 15, 316-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS, J., and BOYD, S.J. (1)

MEMORANDUM OPINION

 Following a plea of not guilty, appellant Andrew Paul Jimenez, Jr., aka Francisco
Castillo, was convicted by a jury of aggravated assault on a public servant with a deadly
weapon and sentenced to 30 years confinement. By three points of error, appellant
contends (1) the trial court abused its discretion and denied him a fair trial by permitting the
State to use an extraneous offense to show motive for the offense charged, (2) the
evidence does not sustain a finding of guilty of use of a deadly weapon capable of causing
death or serious bodily injury, and (3) the trial court's finding that he exhibited a deadly
weapon during the commission of the offense is legally insufficient. We affirm.

 Officer Robert Gabel was injured when appellant bit his right index finger while
attempting to evade arrest. The injury occurred as Officer Gabel responded to a call in
which appellant was found sleeping behind the wheel of an illegally parked vehicle. After
confronting appellant and requesting identification, Officer Gabel decided to conduct a pat-down search of appellant's person. He immediately discovered a suspicious bulge in
appellant's front right pocket and asked him to remove the item from his pocket for
inspection. As he complied, a cellophane bag containing a pink, powdery substance fell
to the ground. Officer Gabel then asked appellant to hand him the bag. However,
appellant would not cooperate, and the two men began to struggle.

 At some point during the struggle, appellant bit down on Officer Gabel's finger
causing it to bleed profusely. Despite the severe laceration on his finger, Officer Gabel was
able to subdue appellant until backup arrived. Appellant was arrested and charged with
aggravated assault on a public servant with his teeth as a deadly weapon. 

 By his first point of error, appellant contends the trial court abused its discretion and
denied him a fair trial by allowing the State to introduce evidence he possessed
amphetamine at the time of the offense. We disagree.

 Although the trial court granted appellant's motion in limine to exclude evidence of
extraneous offenses, multiple references were made to appellant's possession of the pink,
powdery substance, later determined to be amphetamine, at the time of his arrest. 
Appellant requested the evidence be excluded from the video recording of the incident and
objected when the video was published to the jury. He also objected to the chemist's lab
report identifying the substance as amphetamine. However, he failed to object to the same
evidence when it was brought to the attention of the jury during the State's direct
examination of Officer Donna Hill. Furthermore, appellant invited any error when he
discussed the evidence during cross-examination of Officer Gabel and testified to his use
of "meth" prior to the offense. See Prystash v. State, 3 S.W.3d 522, 531 (Tex.Cr.App.
1999).

 A defendant who allows evidence to be introduced from one source without objection
waives any subsequent complaints about the introduction of the same evidence from
another source at trial. See, e.g., Reyes v. State, 84 S.W.3d 633, 638 (Tex.Cr.App. 2002). 
Despite the errors alleged by appellant, evidence regarding the amphetamine in his
possession at the time of the offense was presented to the jury multiple times without
objection. Accordingly, appellant's first point of error is overruled.

 By his second and third points, appellant claims the evidence does not sustain and
is legally insufficient to sustain the jury's verdict that his teeth constituted a deadly weapon. (2) 
We disagree.

 In conducting a legal sufficiency review, we must determine whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). This is done
by considering all the evidence that was before the jury--whether proper or improper--so
that we can make an assessment from the jury's perspective. Miles v. State, 918 S.W.2d
511, 512 (Tex.Cr.App. 1996). We must uphold the jury's verdict unless it is irrational or
unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d
866, 867 (Tex.Cr.App. 1988).

 Before determining whether the evidence is legally sufficient to sustain the
conviction, we first review the essential elements the State was required to prove. A
defendant commits aggravated assault if he (1) causes serious bodily injury to another, or
(2) uses or exhibits a deadly weapon during the commission of an assault. Tex. Pen. Code
Ann. § 22.02(a) (Vernon Supp. 2004-05). The Penal Code defines a deadly weapon as 
"anything that in the manner of its use or intended use is capable of causing death or
serious bodily injury." Id. at §1.07(a)(17)(B). Serious bodily injury is defined as "bodily
injury that creates a substantial risk of death, serious permanent disfigurement, or
protracted loss or impairment of the function of any bodily member or organ." Id. at (46).

 Among other definitions contained in the charge of the court, the trial court instructed
the jury as follows: 

 "Deadly weapon" means anything that in the manner of its use or intended
use is capable of cause death or serious bodily injury;"

 "Bodily injury" means physical pain, illness, or any impairment of physical
condition;" and

 "Serious bodily injury" means bodily injury that creates a substantial risk of
death or that causes death, serious permanent disfigurement, or protracted
loss of impairment of the function of a bodily member or organ."


 Citing various authority, appellant contends although a painful wound was inflicted,
his teeth did not cause serious bodily injury as contemplated by the statute. Also, appellant
argues he did not intend to cause the officer's death, and that teeth are not commonly
considered as a weapon used to cause death or serious injury. On the other hand, Officer
Gabel testified that the injury was "debilitating" because, for an extended period of time, he
could not properly use his police equipment or perform ordinary tasks such as buttoning
a shirt. At the time of trial, he also testified that he continued to experiences pain and
numbness in the injured finger and was unable to fire his service revolver in the same
manner as before. In addition, the treating physician testified that a human bite and wound
to the oflficer was especially vulnerable to infection and, in his opinion, appellant's teeth
were capable of causing serious bodily injury. 

 Considering the applicable definitions given to the jury, we conclude the evidence
was sufficient to enable a rational juror to conclude appellant's teeth were capable of
causing serious bodily injury and that they constituted a deadly weapon. Appellant's
second and third points are overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. By his second point, appellant argues the evidence does not sustain his conviction;
however, by his argument and the legal authorities cited, he only raises legal sufficiency. 
Thus, we only review his legal sufficiency contention. See Tex. R. App. P. 38.1(h). 



on: underline">See Tex. R. App. P. 34.5(c)(2). Upon remand, the trial court shall
utilize whatever means necessary to secure a Certification of Defendant’s Right of Appeal
in compliance with Rule 25.2(d). Once properly executed, the certification shall be
included in a supplemental clerk’s record and filed with the Clerk of this Court on or before
March 16, 2009. Id.
          This order constitutes notice to all parties of the defective certification pursuant to
Rule 37.1 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 37.1. If a
supplemental clerk’s record containing a proper certification is not filed in accordance with
this order, this matter will be referred to the Court for dismissal. See Tex. R. App. P.
25.2(d).
          It is so ordered.
                                                                Per Curiam
 
Do not publish.